IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Tyron C. Wade,<br><br>                Petitioner,<br><br>vs.<br><br>Warden Riley,<br><br>                Respondent. | Civil Action No. 6:17-92-JFA-KFM<br><br>**ORDER AND**<br>**REPORT OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND

The petitioner is currently incarcerated at Broad River Correctional Institution in the South Carolina Department of Corrections ("SCDC") (doc. 36). He was indicted by the Aiken County Grand Jury in September 2009 for one count of murder (2009-GS-02-1582), one count of burglary in the first degree (2009-GS-02-1584), and one count of possession of a weapon during the commission of a violent crime (2009-GS-02-1589). The petitioner was represented on the charges by Wallis A. Alves. The State was represented by Assistant Solicitor Elizabeth A. Young of the Second Circuit Solicitor's Office. On March 28, 2011, the petitioner waived his right to a trial by jury and pled guilty to all three charges before the Honorable Edgar W. Dickson, Circuit Court Judge. Pursuant to a negotiated sentence, Judge Dickson sentenced the petitioner to 30 years confinement for the murder conviction, 15 years for the burglary conviction, and five years for the possession of a

weapon during the commission of a violent crime conviction, all to be served concurrently (app. 27-33).

*Direct Appeal*

The petitioner's plea counsel timely filed and served a notice of appeal on March 31, 2011 (doc. 15-2). Enclosed with the notice was a Rule 203(d)(1)(B)(iv), SCACR explanation, which indicated counsel had no good faith basis for believing an issue was preserved for appeal after the petitioner's guilty plea. By letter dated April 8, 2011, the South Carolina Court of Appeals requested that plea counsel send the petitioner a letter with the Rule 203(d)(1)(B)(iv), SCACR explanation and instructions for the petitioner to inform the court of any arguable basis that there were issues preserved for appeal within 20 days of the date of counsel's letter (doc. 15-3). The petitioner filed his response to the South Carolina Court of Appeals' letter on April 25, 2011 (*id*.).

By order filed June 3, 2011, the South Carolina Court of Appeals dismissed the appeal (doc. 15-4). In the order, the Court of Appeals noted the petitioner appealed his guilty plea and sentence imposed by Judge Dickson. Rule 203 (d)(1)(B)(iv), SCACR requires "a written explanation showing that there is an issue(s) which can be reviewed on appeal. . . .including how the issue(s) was raised below and the ruling of the lower court on that issue(s)." After careful review, the Court of Appeals found the petitioner failed to show how any issue was preserved for its review. Therefore, the appeal was dismissed. The remittitur was issued on July 28, 2011 (doc. 15-5).

*PCR*

On September 19, 2011, the petitioner filed an application for post-conviction relief ("PCR") (2011-CP-02-2045), asserting claims of subject matter jurisdiction and involuntary guilty plea (app. 38-44). Specifically, the petitioner indicated the court did not have a basis for accepting the plea because of a lack of evidence, and he would not have

taken the plea had he known about the lack of evidence (app. 40). The State served its return on December 6, 2011 (app. 45-50).

An evidentiary hearing was held before the Honorable Paul M. Burch, Circuit Court Judge, on July 11, 2012. The petitioner was present and was represented by Courtney C. Pope. The State was represented by Assistant Attorney General Megan Harrington (app. 51-75).

The PCR court filed its order of dismissal on July 25, 2012 (app. 80-86). In the order, the PCR court noted that the petitioner testified on his own behalf at the evidentiary hearing and his plea counsel also testified. The PCR court also had before it a copy of the petitioner's guilty plea transcript, the records of the Aiken County Clerk of Court, and the petitioner's records from SCDC (app. 81). The PCR court found that counsel's testimony was credible while the petitioner's testimony was not credible. The PCR court found that the petitioner had not established any constitutional violations or deprivations that would require the PCR court to grant his application. Therefore, the PCR application was denied and dismissed with prejudice (app. 84-85). The PCR court advised the petitioner that he must file and serve a notice of appeal within 30 days from the receipt by counsel of written notice of entry of judgment. *See* Rule 203, SCACR. He was further advised that, pursuant to *Austin v. State*, 409 S.E.2d 395 (S.C. 1991), an applicant has a right to an appellate counsel's assistance in seeking review of the denial of PCR and that Rule 71.1(g), SCRCP, provides that if the applicant wishes to seek appellate review, PCR counsel must serve and file a notice of appeal on the petitioner's behalf. Attention was directed to Rule 243, SCACR, for appropriate procedures for appeal (app. 85-86).

***Second PCR***

On July 19, 2013, the petitioner filed a second PCR application (2013-CP-02-1623), asserting claims of ineffective assistance of PCR counsel (app. 87-93). Specifically, the petitioner contended PCR counsel was ineffective at the evidentiary hearing, counsel failed to file an appeal, and failed to seek mental health/medical paperwork on the petitioner's behalf (app. 89).

3

On August 18, 2013, the petitioner filed an amendment to the PCR application. In the amendment, the petitioner added four claims. First, he contended counsel was ineffective for not requesting a mental health evaluation. Second, he argued counsel was ineffective for not requesting a competency hearing on his behalf. Third, the petitioner alleged counsel was ineffective for not fully investigating the petitioner's background for any mental health issues. Fourth, he claimed counsel was ineffective for not getting the petitioner's medical and mental health records from the Aiken County Detention Center and SCDC to further help defended towards post-conviction (app. 94-96). The State served its return and motion to dismiss all claims except *Austin* review on September 5, 2013 (app. 97-102).

An evidentiary hearing in this PCR action was held before the Honorable D. Craig Brown, Circuit Court Judge, on January 16, 2015. The petitioner was present and was represented by Lance S. Boozer. The State was represented by Assistant Attorney General Daniel F. Gourley (app. 103-10).

The PCR court filed a consent order granting an appeal pursuant to *Austin v. State* on February 3, 2015 (app. 111-15; doc. 15-6). In the order, the PCR court noted that the petitioner alleged that he was denied the right to appeal the dismissal of his previous PCR application. Pursuant to *Austin v. State*, a PCR applicant may petition the South Carolina Supreme Court for discretionary review of the dismissal of their application. After review of the facts and circumstances surrounding the waiver of the petitioner's right to appeal the denial of allegations in his PCR application, the parties consented to the granting of an appeal pursuant to *Austin v. State* of the petitioner's first PCR application (2011-CP-02-2045). The parties agreed that the petitioner did not voluntarily waive his right to appeal the PCR court's denial and dismissal of his PCR application. Prior PCR counsel for the petitioner had indicated she could not recall whether she was asked by the petitioner to appeal his first PCR application. Furthermore, the petitioner presented evidence in the form of a letter from the South Carolina Commission on Indigent Defense acknowledging his prior inquiry into the status of his appeal. The letter confirmed to the petitioner that no

4

appeal had been filed and his proper course of action was through a subsequent application for PCR. Based upon the foregoing and with the consent of all parties present at the petitioner's PCR hearing, the PCR court found that the granting of an appeal of the petitioner's first PCR (2011-CP-02-2045) pursuant to *Austin v. State* was warranted (app. 114).

## *PCR Appeal*

The petitioner timely served and filed a notice of appeal on February 9, 2015 (doc. 15-7). On appeal, the petitioner was represented by Kathrine H. Hudgins, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. The petitioner's appeal was perfected with the filing of a petition for writ of certiorari (doc. 15-8). In the petition for writ of certiorari, the petitioner asserted the PCR judge correctly found that he did not knowingly and voluntarily waive his right to appeal the denial of his first PCR application and was entitled to a belated appeal pursuant to *Austin v. State*. Counsel also filed a *Johnson* petition for writ of certiorari pursuant to *Austin v. State* (doc. 15-9). In the *Johnson* petition, counsel argued the PCR judge erred in refusing to find that the guilty plea was rendered involuntary by the fact that plea counsel failed to explore mental health defenses.

The petitioner filed a *pro se* response to counsel's petition to be relieved as counsel (doc. 15-11). In the *pro se* response, the petitioner contended plea counsel was ineffective for failing to request a mental health evaluation to determine if the petitioner was competent to accept the plea. He further contended counsel was ineffective for not mentioning to the plea judge that the petitioner was placed on crisis intervention for trying to kill himself, and he was also on suicide watch. The petitioner asserted counsel knew he had mental health issues before his case, but still did not seek an evaluation that may have supported a better outcome. The petitioner also alleged counsel knew of his mental health issues because she saw and spoke with him while he was in that state. The petitioner also

5

attached to his petition documents that he claimed were newly discovered evidence to serve as proof of his claims regarding his mental health. The State filed a letter in lieu of a formal return to the petition for writ of certiorari (doc. 15-12).

The South Carolina Supreme Court dispensed with the petitioner's appeal by order filed February 11, 2016 (doc. 15-13). In the order, the Supreme Court noted that the petitioner's first application for PCR was denied by Judge Burch. No notice of appeal was filed. The petitioner then sought a writ of certiorari from an order issued by Judge Brown granting petitioner a belated review of the first order pursuant to *Austin v. State*. The petitioner's counsel had filed a *Johnson* petition from Judge Burch's order, and the petitioner had filed a *pro se* petition. The Supreme Court granted the petition for a writ of certiorari from Judge Brown's order, dispensed with further briefing, and proceeded with an *Austin* review of Judge Burch's order. After careful consideration of the record of petitioner's first PCR matter, as required by *Johnson*, the Supreme Court denied the petition from Judge Burch's order and granted counsel's request to withdraw. The remittitur was issued on February 29, 2016 (doc. 15-14) and was filed in the Aiken County Clerk's Office on March 2, 2016.[1]

**FEDERAL PETITION**

On January 9, 2017,[2] the petitioner filed a § 2254 petition in this court, raising the following grounds for relief:

> **Ground One:** Petitioner lost a lot of his paper work due to moving from prison to prison and lack of understanding

---

[1] Courts may take judicial notice of court filings and other matters of public record. *Reyn's Pasta Bella, LLC v. Visa USA, Inc*., 442 F.3d 741, 746 n. 6 (9th Cir.2006).

[2] As the petitioner is a prisoner, he should have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), which held that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the District Court. The petitioner delivered his Section 2254 petition to prison authorities for mailing to the court on January 9, 2017 (doc. 1-1 at 1).

6

> SUPPORTING FACTS: Petitioner has supporting documents that he had mental health issues that caused for a mental health evaluation to determine if petitioner understood proceeding at trial. Trial counsel "never" mention that petitioner had mental health issues that would have had him placed in state mental hospital if she would have argued on his behalf at trial Judge didn't ask J/M was he on meds
>
> **Ground Two:** N/A
> SUPPORTING FACTS: I was on C.I Crisis interventions. Suicide watch Trial counsel never mention that I was a mental health inmate and that I was on mental health meds and that I wasn't given an mental health evaluation. The judge did not know that of the time of my trial I was on suicide watch and documentation shows that I was and that trial counsel knew of this as well. That prisoner was not in fair mind state at that time, prisoner family members even told counsel that prisoner was mentally ill and had m/h issues.
>
> **Ground Three:** N/A
> (SUPPORTING FACTS: Petitioner has supporting documents that show he have m/h issues, that caused for a m/h evaluation to determine if petitioner understood proceeding at trial. Trial counsel never mention that petitioner was m/h and had issues that would have maybe had him placed into state mental hospital if she would have argued on his behalf at trial to judge. Trial judge never asked Petitioner was he on "Any mental health" medications at that time.

(Doc. 1 at 5, 6-7, 8).

On April 4, 2017, the respondent filed a motion for summary judgment (doc. 16) and a return and memorandum (doc. 15). By order issued on April 5, 2017, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately to the respondent's motion (doc. 17). The petitioner was granted an extension through July 10, 2017, to file his response (doc. 26). When the petitioner did not timely file a response, the undersigned issued another order giving the petitioner through August 8, 2017, to file his response and again advising him that if he did not respond, his case would be subject to dismissal for failure to prosecute (doc. 30). When the petitioner

7

did not timely file a response, the undersigned issued a recommendation on August 23, 2017, recommending that the case be dismissed for lack of prosecution (doc. 34).

On October 4, 2017, the petitioner filed a motion for return of his property (doc. 41), and, on October 12, 2017, the petitioner filed objections to the report and recommendation (doc. 42). The respondent filed a response to the petitioner's objections on October 18, 2017 (doc. 44). On October 24, 2017, the Honorable Joseph F. Anderson, Jr., Senior United States District Judge, found that it appeared the petitioner wished to continue to prosecute this action, and, therefore, the case was returned to the undersigned for further handling (doc. 47).

On November 1, 2017, the respondent filed a response to the petitioner's motion for return of property (doc. 54), and a supplement to that response was filed on November 3, 2017 (doc. 57). The petitioner filed his own motion for summary judgment on November 29, 2017 (doc. 62), and the respondent filed a response in opposition on December 13, 2017 (doc. 63).

## **APPLICABLE LAW AND ANALYSIS**

### *Motions for Summary Judgment*

As noted above, both the petitioner and the respondent have filed a motion for summary judgment (docs. 16, 62). Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all

inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

The petition in this case was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, the provisions of the AEDPA apply. *Lindh v. Murphy*, 521 U.S. 320, 336-37 (1997). The respondent first argues[3] that the petition is untimely under the one-year statutory deadline set forth in the AEDPA. The undersigned agrees.

The one-year time period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[4] However, "[t]he time during which a properly filed application

---

[3] As this court recommends that the petition be dismissed as untimely, the respondent's remaining arguments will not be addressed.

[4] The statute provides other possible start dates for the one-year time period that are not relevant here. *See* 28 U.S.C. § 2244(d)(1)(B)–(D).

9

for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2). State collateral review tolls the one-year statute of limitations under Section 2244(d)(1)(A) for properly filed pleadings, *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), but it does not establish a right to file within one year after completion of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

The petitioner pled guilty and was sentenced on March 28, 2011, and the South Carolina Court of Appeals dismissed his appeal on June 3, 2011. The petitioner's state court convictions became final 15 days later on June 21, 2011,[5] the expiration of the time in which the petitioner could have timely filed a petition for rehearing with the South Carolina Court of Appeals. *See* Rule 221(a), SCACR (instructing that a petition for rehearing "must be actually received by the appellate court no later than fifteen (15) days after the filing of the opinion, order, judgment, or decree of the court"); Rule 242(c), SCACR (stating "[a] decision of the Court of Appeals is not final for the purpose of review by the Supreme Court until the petition for rehearing or reinstatement has been acted on by the Court of Appeals"); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) ("[B]ecause [the petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired."). Because he did not timely file a petition for rehearing or seek certiorari from the South Carolina Supreme Court, the petitioner is not entitled to the 90 days to petition the United States Supreme Court for certiorari. *See* U.S. Sup. Ct. R. 13(1) (stating appellant must file a petition for a writ of certiorari within 90 days of the judgment being appealed); *Gonzalez*, 565 U.S. at 150 ("[T]he judgment becomes final at the 'expiration of the time for seeking such review'—when the

---

[5] The fifteenth day actually fell on Saturday, June 18, 2011. Thus, the petitioner would have had until the following Monday, June 20, 2011, to timely file a petition to reinstate his appeal. *See* Rule 263(a), SCACR.

time for pursuing direct review in this Court, or in state court, expires.") (quoting 28 U.S.C. § 2244(d)(1)(A))). Accordingly, the AEDPA statute of limitations began to run on June 21, 2011.

The petitioner filed a PCR application on September 19, 2011, thereby tolling the federal statute of limitations. At that point, 90 days of untolled time had lapsed between the petitioner's conviction becoming final and the filing of the PCR application. The state court filed its order dismissing the first PCR action on July 25, 2012. As no appeal was filed from this order, the decision became final on August 24, 2012, 30 days after the entry of the order, pursuant to Rule 203(b)(1), SCACR. *See, e.g,, Allen v. Mitchell*, 276 F.3d 183, 185 (4th Cir.2001) (indicating that the statute of limitations is tolled pursuant to § 2244(d)(2) during the "Appeal Period," which is defined as "the interval between the lower court decision and the deadline for seeking review") (citing *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir.1999)). The petitioner then had 275 days from August 24, 2012, to timely file his federal habeas action, making May 26, 2013, his deadline to timely file.

The petitioner's second PCR application, which he filed on July 19, 2013, did not toll the statute of limitations because the statute of limitations had already expired. Even though the court granted the petitioner a belated appeal of his first PCR action pursuant to *Austin*, this does not entitle the petitioner to toll the time between the PCR actions. "Because the § 2244(d) statute of limitations had already expired by the time Petitioner filed his second PCR action, the *Austin* claim asserted in the second PCR action did not toll the statute of limitations." *Terry v. Cartledge,* C.A. No. 6:10-2006-BHH*,* 2016 WL 943673, at *5 (D.S.C. March 14, 2016). *See McHoney v. South Carolina*, 518 F.Supp.2d 700, 705 (D.S.C.2007) (finding that no collateral action was "pending," as defined by the AEDPA, during the time between the state court's initial denial of the PCR application and the state court's allowance of a belated appeal of that PCR application, and thus the AEDPA's limitations period was not tolled during this time). *See also Harris v.*

11

*Riley*, C.A. No. 0:14-187-MGL, 2015 WL 403202, at *6 (D.S.C. Jan. 30, 2015) (finding second PCR action did not toll federal statute of limitations as it was filed after the expiration of time period despite grant of *Austin* appeal); *Hepburn v. Eagleton*, C.A. No. 6:11-2016, 2012 WL 4051126, at *2–3 (D.S.C. Sept. 13, 2012) (stating "the petitioner's first PCR application did not remain 'pending' under § 2244(d)(2) during the time period between the denial of the first PCR application and the grant of the belated appeal"). Accordingly, here, the statute continued to run from August 24, 2012, until the filing of this habeas petition on January 9, 2017. Thus, the petitioner exceeded the statute of limitations by some 1,324 days.[6]

To avoid application of Section 2244(d) regarding the timeliness of the instant federal habeas petition, the petitioner must show that the one-year limitations period should be equitably tolled under applicable federal law. *See Holland v. Florida*, 560 U.S. 631 (2010) (concluding that § 2244(d) is subject to the principles of equitable tolling); *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000) (same). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citation omitted); *see also Holland*, 560 U.S. at 649. Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. *See also United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary

---

[6] Notably, even if all the time was tolled from the filing of the first PCR action to the filing of the remittitur after the *Austin* appeal, the federal petition would still be untimely as another 313 days of untolled time passed between the filing of the remittitur (March 2, 2016) and the filing of the federal petition (January 9, 2017).

12

circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir.2003) (*en banc*).

In response to the motion for summary judgment, the petitioner appears to argue that he is entitled to equitable tolling of the statute of limitations because he lacks the mental capacity to understand the proceedings against him as he is mentally ill and incompetent (doc. 42 at 5-6). He attached various records from SCDC and the Aiken County Detention Center to his response (doc. 42-1). However, the petitioner has failed to make the required showing that he is entitled to equitable tolling.

"As a general matter, federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity." *United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004) (citing *Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir. 1998) (finding equitable tolling based on mental condition to be appropriate "only in exceptional circumstances, such as institutionalization or adjudged mental incompetence")). "In order to establish equitable tolling due to mental impairment, a petitioner must make a threshold showing of incompetence and also demonstrate that such incompetence affected his ability to file a timely habeas petition." *Griffin v. Ransom*, C.A. No. 5:16-HC-2149-FL, 2017 WL 1628883, at *4 (E.D.N.C. Apr. 28, 2017) (citations omitted). *See Johnson v. Lyons*, C.A. No. JKM-16-436, 2016 WL 3027537, at *3 (D. Md. May 27, 2016) (finding petitioner was not entitled to equitable tolling where he failed to offer specifics as to what, if any, mental health disorders he suffered from and how they prevented him from pursuing a timely federal habeas petition); *Brown v. Warden of Kirkland Corr. Inst.*, C.A. No. 5:13-2680-RMG, 2014 WL 5106892, at *9 (D.S.C. Oct. 10, 2014) (finding petitioner failed to show entitlement to equitable tolling of § 2244 statute of limitations where petitioner submitted inmate transfer history showing transfer to psychiatric hospital on five occasions, though none during applicable period, and offered no argument as to why statute should be tolled).

The records submitted by the petitioner indicate that he was voluntarily transferred on April 20, 2012, from Perry Correctional Institution to Gilliam Psychiatric Hospital for suicidal ideation, and he was discharged and transferred back to Perry on June 4, 2012 (doc. 42-1 at 2, 9, 35). His diagnoses include bipolar disorder, post-traumatic stress disorder, possible attention deficit hyperactivity disorder, and polysubstance abuse (*id.* at 3, 33). Even assuming that the petitioner was incapacitated during this time period, the hospitalization was during the period of statutory tolling of the statute of limitations while the petitioner's first PCR application was still pending, and thus was not during the time that the applicable statute of limitations was running. *See Brown*, 2014 WL 5106892, at *9. The petitioner has failed to show that his mental health issues made it impossible to timely file his habeas petition within the statute of limitations period. Additionally, he has failed to show that he pursed his rights diligently. Based upon the foregoing, the petition is untimely under the one-year statutory deadline set forth in the AEDPA, and the respondent's motion for summary judgment on this basis should be granted.

***Motion for Return of Property***

In his motion for return of property box, the petitioner contends that he has not been allowed to have access to his box of legal documents (doc. 41). In response, the respondent states that the petitioner had been housed in a restricted housing unit as a result of his own conduct, and his access to his property box may have been limited in accordance with the policies of the SCDC and the institution (doc. 54). The respondent has supplemented that response and states that the petitioner was given access to his property box and legal documents box on October 2 and November 2, 2017 (docs. 57, 57-1). Accordingly, the petitioner's motion is moot.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, IT IS ORDERED that the petitioner's motion for return of property box (doc. 41) is denied as moot. Further, IT IS RECOMMENDED that the respondent's motion for summary judgment (doc. 16) be granted and the petitioner's motion for summary judgment (doc. 62) be denied as the federal petition is untimely.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

December 18, 2017
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).