IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Tyron C. Wade, | ) | C/A No.: 6:17-92-JFA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| | ) | |
| Warden Riley, | ) | |
| | ) | |
| Respondent. | ) | |

The *pro se* Petitioner, Tyron C. Wade ("Petitioner"), is currently incarcerated in the South Carolina Department of Corrections. On January 11, 2017, Petitioner brought this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 ("2254 Petition"). (ECF No. 1). Petitioner is proceeding *in forma pauperis* under 28 U.S.C. § 1915.[1] (ECF No. 11).

On April 4, 2017, Respondent filed a motion for summary judgment (ECF No. 16) and a return and memorandum (ECF No. 15). By order issued on April 5, 2017, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of procedure in regards to the Motion for Summary Judgment and the possible consequences if he failed to respond adequately to the Respondent's Motion. (ECF No. 17). The Petitioner was granted an extension through July 10, 2017, to file his response. (ECF No. 26). When the Petitioner did not timely file a response, the undersigned issued another order giving Petitioner through August 8, 2017 to file his response and again advising him that if he did not respond, his case would be subject to dismissal for failure to prosecute. (ECF No. 30). When the Petitioner did not timely file a

1

response, the Magistrate Judge issued a Report and Recommendation on August 23, 2017 ("First Report"), which recommended that the case be dismissed for lack of prosecution. (ECF No. 34).

On October 4, 2017, Petitioner filed a motion for return of his property. (ECF No. 41). On October 12, 2017, Petitioner filed objections to the First Report. (ECF No. 42). Respondent filed a response to Petitioner's objections on October 18, 2017. (ECF No. 44). On October 24, 2017, this Court found that it appeared the Petitioner wished to continue to prosecute this action. (ECF No. 47). Thus, the case was returned to the Magistrate Judge for further handling. *Id.*

On November 1, 2017, Respondent filed a response to Petitioner's Motion for Return of Property. (ECF No. 54). On November 3, 2017, Respondent filed a supplement to that response. (ECF No. 57). On November 29, 2017, Petitioner filed his own motion for summary judgment. (ECF No. 62). Thereafter, on December 13, 2017, Respondent filed a response in opposition. (ECF No. 63).

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this case was referred to a Magistrate Judge for review.

The Magistrate Judge assigned to this action[2] has prepared another Report and Recommendation ("Report") and opines that the Respondent's Motion for Summary Judgment (ECF No. 16) should be granted, and Petitioner's Motion for Summary Judgment (ECF No. 62) should be denied. (ECF No. 65 p. 15). The Report sets forth in detail the relevant facts and

---

[1] Because the Petitioner is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, this Court is charged with screening Petitioner's lawsuit to identify cognizable claims or to dismiss the Petition if, after being liberally construed, the action or appeal is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

standards of law on this matter, and the Court incorporates such without a recitation and without a hearing.

The Petitioner was advised of his right to file objections to the Report, which was entered on the docket on December 18, 2017. (ECF No. 65). The Report provided that Petitioner must file objections to the Report by January 2, 2018. (ECF No. 65 p. 16). That deadline has now expired, and the Petitioner failed to file objections to the Report. In the absence of specific objections to the Magistrate Judge's Report, this Court is not required to give any explanation for adopting the Magistrate's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, as well as the Report and Recommendation, the Court finds the Magistrate Judge's recommendations fairly and accurately summarize the facts and apply the correct principles of law. Accordingly, this Court adopts the Report (ECF No. 65). Therefore, the Respondent's Motion for Summary Judgment (ECF No. 16) is **GRANTED**, and the Petitioner's Motion for Summary Judgment (ECF No. 62) is **DENIED**.

IT IS SO ORDERED.

January 17, 2018  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge